## N. Y. COMMON PLEAS.

### DAY agt. LEE.

*Supplementary proceedings — examination of third persons.*

Where a creditor seeks to compel a third person to appear and be examined under section 294 of the Code, as to whether he has any property belonging to the judgment debtor, his affidavit must be positive, not on information and belief. It must present the question whether the third person had such property in his possession and not merely the belief of the attorney or creditor on the point.

*Special Term, November*, 1876.

AN application was made to punish Mr. Jones, the publisher of the New York Times, for alleged contempt in not appearing to be examined as a third person under section 294 of the Code, as to whether he had any property of the defendant Lee, a judgment debtor. The application was made by Albert Day, the creditor, in person. He had examined Lee in supplementary proceedings, and ascertained that he was or had been an employe of the Times on a weekly salary. Mr. Day thereupon made affidavit that he was informed and believed that Mr. Jones had property of the debtor to the amount of over $10, and obtained an order requiring Mr. Jones to appear and be examined. It appeared in the case that there was in fact nothing due to the judgment debtor at the time the order was served on Mr. Jones.

*Mr. Day*, in person, for the application.

*Mr. Abbott*, opposed.

Day agt. Lee.

VAN BRUNT, *J.*— The affidavit upon which the order was made, the allegation of indebtedness being simply upon information and belief without stating the sources of information, is not a sufficient allegation to support any facts necessary to be established to entitle the court to issue the order for examination, and the examination in this case shows the necessity of the rule requiring facts to be stated, and not conclusions. Many cases have come before me where third parties have been damaged before the court without any reason whatever, and such orders are a hardship and should be discountenanced.

Proceedings dismissed as without jurisdiction.